**Tagged Opinion**



**ORDERED in the Southern District of Florida on September 02, 2010.**

John K. Olson, Judge
United States Bankruptcy Court

_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Fort Lauderdale Division**
**www.flsb.uscourts.gov**

**In re:**

**Pearl Companies, Inc.**, *et al.*,

                   Debtors.
_____/

Case No.: 10-19336-BKC-JKO

Chapter 11 Cases
(Jointly Administered)

**AMENDED[1] ORDER:**
**(1) Denying Debtors' Motion for Order to Show Cause [ECF No. 49];**
**(2) Terminating Effectiveness of Interim Order Staying Arbitration [ECF No. 53].**

     The Debtors filed an emergency motion on April 19, 2010 seeking an order to show cause why Local Union 169, Worker's United, SEUI (*f/k/a Local 169, UNITE-HERE*) should not be held in contempt. The Debtors alleged that the Union violated the automatic stay by pursuing its claims against the estate in an arbitration proceeding.[2] I entered an interim order on April 20, 2010 staying arbitration pending further order of Court. For the following reasons, the Debtors' motion is denied and arbitration may proceed.

---

    [1] This order amends and replaces ECF No. 231 for the sole purpose of correcting typographical errors on page two, such that duplicate service by Debtors' counsel is not required.

    [2] *See* [ECF No. 49] ((Docket entries are now referred to as "ECF No." *See* THE BLUEBOOK: A UNIFORM SYSTEM OF CITATION, B7.1.4, at 21 (Columbia Law Review Ass'n et al. eds., 19th ed. 2010)).

*Background*

Pearl Companies, Inc., and its related entities filed Chapter 11 Voluntary Petitions on April 9, 2010.[3] Debtor Pearl Paint Company, Inc. ("Pearl") is party to a contract with Local Union 169, Worker's United, SEUI (*f/k/a Local 169, UNITE-HERE*) (the "Union"). Section 8 of the collective bargaining agreement between Pearl and the Union (the "Agreement") sets forth a three-step grievance procedure for resolving disputes regarding the application, interpretation, or alleged violations of provisions arising under the Agreement.[4]

On April 1, 2009, Pearl unilaterally changed the health insurance plan covering bargaining unit members without negotiating with the Union.[5] The matter was submitted to an arbitrator pursuant to the Agreement and an award was issued on January 26, 2010 grieving Pearl for violating the Agreement. The arbitration award required Pearl to reimburse the bargaining unit employees retroactively and prospectively for costs they have incurred or will incur under the new plan which they would not have incurred under the former plan.[6] On April 1, 2010, Pearl again unilaterally changed the health insurance plan in violation of the Agreement.[7] A compliance hearing was scheduled for April 22, 2010 before the arbitrator, so Pearl (along with the lead Debtor) filed an Emergency Motion for Order to Show Cause on April 19, 2010.[8] The emergency motion sought to stay arbitration proceedings because they could result in additional monetary obligations for the

---

[3] *See* [ECF No. 1].

[4] *See* [ECF No. 54], at 3.

[5] *Id*.

[6] *Id*. at 18 (Ex. A).

[7] *Id*. at 5.

[8] *See* [ECF No. 49].

estate.[9] I entered an interim order on April 20, 2010 which cancelled the April 22nd arbitration hearing and prohibited the Union from proceeding with arbitration pending further order of this Court.[10]

*Discussion*

The issue before me is whether the arbitration proceedings which have commenced pursuant to the Agreement were stayed by § 362 of the Bankruptcy Code upon the filing of this bankruptcy. Section 362 provides that the filing of a petition operates as a stay of:

> (1) [T]he commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title; (2) the enforcement, against the debtor or against the property of the estate, of a judgment obtained before the commencement of the case under this title; (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate; . . . (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title.[11]

The Union argues: (1) that the pending arbitration is not a core proceeding because it arises under the Agreement and not bankruptcy law, and; (2) that this Court therefore does not have discretion to decline to enforce the Agreement under Eleventh Circuit law.[12] Contrary to the Union's assertion, this arbitration is a proceeding "affecting the liquidation of the assets of the estate or the adjustment

---

[9] *See id.*

[10] *See* [ECF No. 53].

[11] 11 U.S.C. § 362(a)(1)-(3), (6).

[12] *See* [ECF No. 65], at ¶¶ 10-11.

of the debtor-creditor or the equity security holder relationship," and is therefore a core proceeding.[13] This, however, does not end the inquiry. Bankruptcy courts should enforce arbitration agreements (even in core matters) so long as they do not conflict with the underlying purposes of the Bankruptcy Code.[14]

I find that the Agreement does not conflict with the Bankruptcy Code because labor agreements enjoy a special status conferred by Congress. On February 22, 1984, the U.S. Supreme Court held that a debtor in bankruptcy may reject a collective bargaining agreement as an executory contract.[15] Congress swiftly responded on July 10th of that year with 11 U.S.C. § 1113.[16] Subsection (f) provides that "[n]o provision of this title shall be construed to permit a trustee to unilaterally terminate or alter any provisions of a collective bargaining agreement prior to compliance with the provisions of this section."[17]

The leading case on this issue is *In re Ionosphere Clubs* from the Second Circuit.[18] The court held that "11 U.S.C. § 1113(f) precludes application of the automatic stay to disputes involving a collective bargaining agreement only when its application allows a debtor unilaterally to terminate or alter any provision of a collective bargaining agreement."[19] Section 1113 was construed "quite literally" in *Ionosphere* "to prohibit the application of any other provision of the Bankruptcy Code

---

[13] 28 U.S.C. § 157(b)(2)(O).

[14] 11 U.S.C. § 101, *et seq.*; *see In re Elec. Mach. Enters., Inc.*, 479 F.3d 791, 796 (11th Cir. 2007).

[15] *See NLRB v. Bildisco and Bildisco*, 465 U.S. 513 (1984).

[16] *See* Bankruptcy Amendments & Federal Judgeship Act of 1984, Pub. L. No. 98-353, § 541, 98 Stat. 333 (1984).

[17] 11 U.S.C. § 1113(f).

[18] *In re Ionosphere Clubs, Inc.*, 922 F.2d 984 (2d Cir. 1990).

[19] *Id.* at 992.

when such application would permit a debtor to achieve a unilateral termination or modification of a collective bargaining agreement without meeting the requirements of § 1113."[20]

In this circuit, *Ionosphere's* reasoning has been followed in the Middle District of Florida.[21] Chief Judge Glenn held in *Chestnut Hill* that "once it is determined that a dispute is arbitrable, and that the debtor agreed to arbitrate the dispute in its collective bargaining agreement, the arbitration proceeding is not subject to the automatic stay."[22] The reasoning in both *Ionosphere* and *Chestnut Hill* is persuasive. Section 8 of this Agreement was entered into on June 3, 2008 between Pearl and the Union and explicitly provides for arbitration of disputes arising under the Agreement.[23] Pearl's subsequent bankruptcy petition does not stay the pending arbitration proceeding because § 1113(f) provides that this arbitration does not conflict with the underlying purposes of the Bankruptcy Code.

*Conclusion*

Pearl argues that 11 U.S.C. § 362(a)(1)-(3), (6) automatically stays arbitration. Section 1113(f) prohibits application of the automatic stay when such application would permit a debtor to achieve a unilateral termination or modification of a collective bargaining agreement without meeting the requirements of § 1113. It is accordingly ORDERED that the Debtor's motion **[ECF No. 49]** is **DENIED** and arbitration may proceed.

# # #

---

[20] *Id*. at 991.

[21] *See In re Chestnut Hill Rehab Hosp.*, 387 B.R. 285, 291 (Bankr. M.D. Fla. 2008).

[22] *Id.* at 291.

[23] *See* [ECF No. 54], at 3.

<u>Service:</u>

*This amended order is entered for the sole purpose of correcting typographical errors on page two, and Debtors' counsel is accordingly not required to engage in duplicate service of process. Notice of the typographical correction will be via automatically generated CM/ECF Notices of Electronic Filing.*